<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE (M.J.J.),<br><br>                 Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS & RESORTS, INC., *et al.*,<br><br><br>                 Defendants. | Civil Action No. 24-06490 (SDW) (JRA)<br><br><br>**OPINION**<br><br><br>February 5, 2026 |

**WIGENTON**, District Judge.

Before this Court is the Report and Recommendation dated October 29, 2025, by Magistrate Judge José R. Almonte (D.E. 66 ("R&R")) recommending granting Defendants Heer B. Patel, Pravin G. Patel, Hasu Patel, and Tara Patel's (collectively, the "Franchisee Defendants") Motion to Dismiss (D.E. 53) Plaintiff Jane Doe (M.J.J.)'s ("Plaintiff") Complaint (D.E. 1 ("Compl.")) for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(2).  Plaintiff objected to the R&R (D.E. 68 ("Obj.")), and Franchisee Defendants did not respond to the objection.  Upon reviewing the R&R and objection, this Court **ADOPTS** Judge Almonte's R&R.

On May 28, 2024, Plaintiff initiated this lawsuit, alleging violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591 and 1595. (D.E. 1.) Plaintiff alleges she is "a victim of sex trafficking" under the TVPRA and seeks compensation for

1

the harms stemming from the alleged TVPRA violations. (Compl. ¶ 26.) Count I alleges that all Defendants are liable as perpetrators; Count II alleges that all Defendants are liable as beneficiaries and Count III asserts that Franchisor Defendants are vicariously liable for the acts of their franchisees and those franchisees' subagents. (Id. at ¶¶ 85–95.)  On June 13, 2025, Franchisee Defendants moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2).  (D.E. 53.)  Franchisee Defendants argued that the Complaint failed to plausibly allege a basis for personal jurisdiction over Franchisee Defendants and that all of the alleged sex trafficking occurred exclusively in California, not New Jersey.  (*Id.* at 3–9.)

The R&R concludes that the matter should be transferred to the United States District Court for the Central District of California due to a lack of personal jurisdiction.  (R&R at 5–15.)  Under Federal Rule of Civil Procedure 72(b)(3), a district judge "must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to."  *See also* 28 U.S.C. § 636(b)(1). Defendants timely objected to Judge Almonte's R&R on two grounds (Obj.), addressed below.

## I.    Misapplication of the Specific Jurisdiction Analysis

Plaintiff contends that the R&R committed two interrelated errors in applying Prong two of the specific jurisdiction analysis. (Obj. at 2.)  First, Plaintiff asserts that the R&R focuses on the location of Plaintiff's injury and street level trafficking, rather than the alleged commercial venture between Franchisee Defendants and Franchisor Defendants.  (*Id.*)  Next, Plaintiff argues that the R&R adopted the reasoning of this Court's decision in *Doe (S.A.T.) v. Wyndham Hotels & Resorts, Inc.*, 24-11511, 2025 WL 2848587 (D.N.J. Oct. 8, 2025). which Plaintiff further contends misapplied *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255 (2017).  (*Id.* at 3.)  The crux of Plaintiff's arguments rests on the assertion that the R&R incorrectly found that Plaintiff failed

2

to establish that her claims arise out of or relate to the Franchisee Defendants' activities in New Jersey.

Specific jurisdiction exists when a plaintiff's claim "arises from or relates to conduct purposely directed at the forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414–15 & n.9 (1984)). The specific jurisdiction inquiry has three steps and is conducted on a claim-by-claim basis. *Id.* First, a defendant must have "purposefully directed his activities" at the forum. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, the plaintiff's claim must "'arise out of or relate to' at least one of those specific activities." *Id.* (citing *Helicopteros*, 466 U.S. at 414). Third, courts consider whether the exercise of jurisdiction otherwise comports with "fair play and substantial justice." *Burger King*, 471 U.S. at 476. Additionally, prong two requires "a *strong* 'relationship among the defendant, the forum, and the litigation.'" *Hepp v. Facebook*, 14 F.4th 204, 208 (3d Cir. 2021) (emphasis added) (quoting *Helicopteros*, 466 U.S. at 414).

Here, the Court finds no issue with the R&R's conclusion that Plaintiff failed to establish that her claims arise out of or relate to the Franchisee Defendants' activities in New Jersey. In *Ford*, the Supreme Court further clarified the standard articulated in Bristol-Meyers, ultimately emphasizing that the relevant inquiry is whether a defendant's forum contacts are related enough to a plaintiff's suit.[1] *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 371 (2021). The phrase "relate to" incorporates "real limits." *Id.* at 362. In analyzing Plaintiff's claim of beneficiary liability, the R&R does not simply focus on the location of Plaintiff's purported

---

[1] The Court also rejected defendant's causation only approach but explained that a lack of causation may still be appropriate grounds to support a finding of lack of specific jurisdiction: "[O]ur most common formulation of the rule demands that the suit "arise out of or relate to the defendant's contacts with the forum . . . The first half of that standard asks about causation; but the back half, after the "or," contemplates that some relationships will support jurisdiction without a causal showing." *Ford*, 592 U.S. at 362.

injury, but on the fact that Franchisee Defendants' use of Wyndham's New Jersey based systems was too attenuated to establish specific jurisdiction. This same analysis was correctly applied in *Doe (S.A.T)*. Plaintiff does not allege any further connection between Franchisee Defendants' activities in New Jersey beyond the use of New Jersey based reservation systems. Although Franchisee Defendants may have used New Jersey based systems, the conduct at the core of the alleged ventures, namely, the rental of rooms to alleged sex traffickers, occurred in California. The alleged connection to this forum, the use of New Jersey based reservation systems, is not sufficient by itself to establish specific jurisdiction.

## II.    Denial of Jurisdictional Discovery

Plaintiff also objects to the R&R's denial of jurisdictional discovery. (Obj. at 5–6.) Plaintiff argues that the R&R's conclusion that jurisdictional discovery was unwarranted conflicts with *Doe (R.N.H.) v. Wyndham Hotels & Resorts, Inc.*, 24-10702, 2025 WL 2380410 (D.N.J. Aug. 15, 2025), where the court permitted jurisdictional discovery. (*Id.*) Plaintiff further asserts that the denial of jurisdictional discovery would preclude Plaintiff from determining how the Franchisee Defendants' relationship with Franchisor Defendants' New Jersey headquarters relates to their participation in the alleged venture that facilitated Plaintiff's trafficking. (*Id.*)

Here, the R&R correctly concluded that jurisdictional discovery was not warranted. Plaintiff already received the franchise agreement between the Franchisee Defendants and Franchisor Defendants and does not articulate any basis to conclude that additional materials would reveal new contacts relating to her alleged sex trafficking. Moreover, the R&R does not conflict with the decision in *Doe (R.N.H.)*, as the decision of a federal district court judge is not binding precedent in either a different judicial district or the same judicial district. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).

Accordingly, this Court **ADOPTS** Judge Almonte's R&R, and this matter will be transferred to the United States District Court for the Central District of California. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     José R. Almonte, U.S.M.J.
       Parties